D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
**DARTEL McRAE on behalf of himself and others similarly situated,**

                **Plaintiff,**

   v.

**MIXX LIFESTYLE INC. d//b/a NEBULA NY, YANG GAO, HUI FANG, and ERICA MAURER,**

                **Defendants.**
------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself and all others similarly situated, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Mixx Lifestyle, Inc. d/b/a Nebula NY is a New York corporation that owns and operates Nebula NY nightclub in New York.

4. At all relevant times, Nebula NY's annual gross volume of sales has exceeded $500,000.

5. Defendant Yang Gao is an owner and active manager of Nebula NY. He frequently is present at the Club to discuss day-to-day management with the Club's general manager. He has ultimate authority over hiring and firing and was directly involved with the payroll policies challenged in this lawsuit. Specifically, when employees complained to Erica Maurer about Defendants' illegal payroll practices, she told them that the policies were set by Defendant Gao and Defendant Fang.

6. Defendant Hui Fang is an owner and active manager of Nebula NY. He frequently is present at the Club to discuss day-to-day management with the Club's general manager. He has ultimate authority over hiring and firing and was directly involved with the payroll policies challenged in this lawsuit. Specifically, when employees complained to Erica Maurer about Defendants' illegal payroll practices, she told them that the policies were set by Defendant Gao and Defendant Fang.

7. Defendants Fang and Gao are listed as principals of the restaurant with the New York State Liquor Authority.

8. Defendants Fang and Gao frequently interview with the media and appear publicly as the face of Nebula NY and the individuals that run it.

9. Defendant Erica Maurer is the Director of Special Events at Nebula NY. She is responsible for Defendants' party planning, including its practice challenged herein of charging

customers a 22% fee and failing to distribute the fee to the service employees. To be sure, she is the individual at Nebula NY with whom employees discussed the illegal practices and who communicates the policy to employees. She is also responsible for scheduling employees to work the special events at which they suffer the illegal practices challenged herein.

10. Plaintiff Dartel McRae resides in New York. Plaintiff has worked for Defendants as a bartender at Nebula NY since October 2021.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing to pay appropriate overtime and wages. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all servers, bartenders, barbacks, runners, and bussers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

16. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

17. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work.

c) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

d) Whether Plaintiff and the Class Members were properly paid for overtime.

e) Whether Defendants provided Plaintiff and Class members with the proper wage notices.

f) Whether Defendants illegally retained gratuities belonging to Plaintiff and the Class Members.

## **FACTS**

22. Plaintiff's Consent to Sue form is attached as Exhibit A.

23. Defendants committed the following alleged acts knowingly, intentionally and willfully.

24. Throughout his employment, Defendants paid Plaintiff $12.50 per hour, except when Plaintiff worked special events and earned a higher hourly wage.

25. This amount is less than the full New York minimum wage. For example, the New York minimum wage was $15 per hour in 2023. The $12.50 per hour rate reflects a $2.50 tip credit available under state law under certain circumstances.

26. When Plaintiff worked more than 40 hours in a week, he was not paid the proper overtime rate. He was paid $18.75 per hour for regular overtime (*i.e.,* non-special event work). However, even if Defendants were entitled to pay him pursuant to a tip credit, the correct overtime rate in 2023 for Plaintiff would have been $20: the full minimum wage of $15 * 1.5, which equals $22.50, - $2.50 tip credit = $20.

27. For example, for the period ending 12/10/2023, Plaintiff was paid $18.75 per hour for 1.49 overtime hours.

28. Defendants continued to pay Plaintiff $12.50 per hour in 2024, when the minimum wage increased to $16 per hour. Defendants were not entitled to pay Plaintiff the lower minimum wage in 2024, because it never gave him notice of the changed minimum wage and applicable tip credit for that year.

29. Plaintiff often worked special events at Nebula NY.

30. Defendants charged special-event patrons a 22% charge in addition to food and beverage charges.

31. Under New York law, such charges are purported to be gratuities unless the venue clarifies on all printed materials referring to the charge that the charge is not a gratuity.

32. Defendants did not represent in all printed materials that the 22% charge was not a gratuity.

33. In fact, Defendants further led their clients to believe the charge was a gratuity by enforcing strict prohibitions on service members, such as bartenders, from collecting tips.

34. Under New York law, charges that are purported to be gratuities must be distributed to service staff in their entirety.

35. Defendants did not distribute any of the 22% charge to service staff.

36. Plaintiff's paystubs and the notice he received upon hire did not contain his proper overtime rate.

37. As a result, Plaintiff was not aware of the correct overtime rate to which he was entitled. Had Plaintiff been provided this information in the appropriate manner, he would have known he was being underpaid and addressed it almost immediately.

38. Moreover, because Plaintiff was paid the amount on his paystubs, Defendants' failure to include his accurate overtime rate on his paystub caused him to be underpaid.

39. Defendants committed the foregoing acts against Plaintiff, FLSA Collective Plaintiffs, and Class Members.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq.***
**Brought by Plaintiff on Behalf of Himself**
**and the FLSA Collective Plaintiffs)**

40. Plaintiff realleges and incorporates by reference all previous paragraphs.

41. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

42. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully

8

failing and refusing to pay the Class members that appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

43. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates for hours worked in excess of forty (40) hours per workweek.

## SECOND CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*
Brought by Plaintiff on Behalf of Himself and the Class)**

44. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

45. Defendants knowingly paid Plaintiff and the Class members less than the New York State minimum wage.

46. Defendants did not pay Plaintiff and the Class members the New York minimum wage for all hours worked.

47. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## THIRD CLAIM FOR RELIEF
**(New York Overtime Violations,
N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4
Brought by Plaintiff on Behalf of Himself and the Class)**

48. Plaintiff realleges and incorporates by reference all previous paragraphs.

49. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying proper overtime wages for all hours worked in excess of forty (40) hours in any workweek.

9

50. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**(Illegal Deductions from Gratuities, N.Y. Lab. L. § 196-d and 198-b)**
**(Brought By Plaintiff on Behalf of Himself and the Class)**

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

53. Defendants retained portions of Plaintiff's and Class Members' tips.

54. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(New York Notice Requirements,**
**N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the Class)**

55. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

56. Defendants did not provide Plaintiff and the members of the Class with the notices/statements required by N.Y. Lab. Law § 195. For example, Defendants did not give Plaintiff or members of the Class proper notices regarding their pay rates, and the paystubs for Plaintiff and members of the Class did not accurately reflect all the required information.

57. As a result of Defendants' unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York  
December 20, 2024

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.